HON. FRANKLIN D. BURGESS

FILED ___ LODGED
___ RECEIVED

DEC - 8 2008

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

07-CV-05409-CNST

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PUGET SOUNDKEEPER ALLIANCE, )
                                                                                     )  No. 3:07-CV-05409-FDB

     Plaintiff,                     )

                                       )  CONSENT DECREE

     v.                             )

TRIDENT SEAFOODS CORPORATION, )

     Defendant.                 )

WHEREAS, Plaintiff Puget Soundkeeper Alliance filed a Complaint against Defendant Trident Seafoods Corporation on August 7, 2007, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility located in Tacoma, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs ("Complaint");

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to

CONSENT DECREE - 1
No. 3:07-CV-05409-FDB

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

the potential settlement of this litigation,; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act and its National Pollutant Discharge Elimination System Permit for its facility and to address issues raised in the May 31, 2007 Notice of Intent to Sue ("Notice") served by Plaintiff; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint or Notice, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. The recitals set forth above are incorporated herein as if set forth fully below.

2. This Court has jurisdiction over the parties and subject matter of this action;

3. The undersigned representative for each party certifies that he or she is fully authorized by the party or parties whom he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

4. This Consent Decree shall apply to, and be binding upon, the parties, and upon

CONSENT DECREE - 2
No. 3:07-CV-05409-FDB

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

the successors and assigns of the parties.

5. This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 401 Alexander Avenue, Building 592P 2425 CD, Tacoma, Washington 98421 (the "facility").

6. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case, Notice, and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387 and Defendant's National Pollutant Discharge Elimination System Permit, arising from operations of the facility identified in paragraph 5 of this Consent Decree.

7. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint or Notice, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint or Notice, or the admission or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

8. In full and complete satisfaction of the claims covered by the Complaint and Notice, and all other claims covered by this Consent Decree, as described in Paragraph 6, Defendant agrees to abide by and be subject to the following terms and conditions:

    a. Defendant shall comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. SO3-002508 and any successor, modified, or replacement permit (the "NPDES Permit");

    b. Within sixty days of the entry of this Consent Decree Defendant shall submit a Level Three Source Control Report for zinc, as defined in Condition S4.C of NPDES Permit effective on the date the Complaint was filed ("Report"), to the Washington Department

CONSENT DECREE - 3
No. 3:07-CV-05409-FDB

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

of Ecology that has been prepared by Defendant's stormwater consultant, Matt Dalton, with a copy provided to Plaintiff at that same time. The Report shall include an analysis of all potential sources of zinc contamination of stormwater at the facility, identify source control, operational control and stormwater treatment best management practices to reduce the concentration of zinc in the stormwater discharges at the facility to or below the benchmark value set in the NPDES Permit, and a schedule for the implementation of the additional source control, operational control, and stormwater treatment best management practices identified to reduce the concentration of zinc in the stormwater discharges to or below the benchmark value set in the NPDES Permit. Defendant shall comply with the schedule for the implementation of the identified additional source control, operational control and stormwater treatment best management practices described in the Report. Under this schedule, all additional source control, operational control, and stormwater treatment best management practices shall be fully implemented no later than one hundred and eighty days after submission of the Report to the Washington Department of Ecology. The Report shall specifically include a schedule for the implementation and maintenance of additional stormwater treatment best management practices that Defendant shall comply with unless Defendant applies to the Department of Ecology for a waiver pursuant to the terms of the NPDES Permit of the requirement to employ stormwater treatment best management practices as part of a Level Three Response and the Department of Ecology grants the waiver request;

    c.    Within ninety days of entry of this Consent Decree, Defendant shall have its entire stormwater conveyance system cleaned to remove accumulated sediments;

    d.    Defendant shall, for a period of two years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic

CONSENT DECREE - 4
No. 3:07-CV-05409-FDB

communications between Defendant and the Washington Department of Ecology concerning Defendant's compliance with the NPDES Permit and the Clean Water Act, including but not limited to Discharge Monitoring Reports, Level One, Two, or Three response reports or similar adaptive management reports, correspondence, and inspection reports. During this same period Defendant shall additionally forward copies to Plaintiff of all inspection reports and checklists of all visual monitoring conducted at the facility pursuant to the NPDES Permit. All copies shall be forwarded to Plaintiff on a quarterly basis and not later than the twentieth day following the end of each calendar quarter;

8. Not later than thirty days after the date of entry of this Consent Decree, Defendant shall make a payment in the amount of $30,000 (THIRTY THOUSAND DOLLARS) to the AWB Institute for the Compliance Keys and BMPs Project that is described in Attachment A to this Consent Decree. Such payment shall be made by check payable and mailed to AWB Institute, 1414 Cherry Street Southeast, Olympia, WA 98501, attn: Mike Hudson, and bear the notation "Puget Soundkeeper Alliance v. Trident Seafoods Corporation, Clean Water Act Settlement," with a copy to Plaintiff;

9. Within 30 days of the entry of this Consent Decree, Defendant shall pay Plaintiff's reasonable attorney fees and costs in the amount of $12,000 (TWELVE THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Knoll Lowney, in full and complete satisfaction of any claims Plaintiff may have pursuant to the Complaint, the Notice, the Clean Water Act and/or the NPDES Permit for fees and costs.

10. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any

CONSENT DECREE - 5
No. 3:07-CV-05409-FDB

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the court.

11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

12. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate sixty (60) days following completion of all obligations under it.

13. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Notifications or copies required by this Consent Decree shall be mailed to:

Sue Joerger

CONSENT DECREE - 6
No. 3:07-CV-05409-FDB

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

Puget Soundkeeper Alliance
5309 Shilshole Ave., #215
Seattle, WA 98107.

Earl Hubbard
Trident Seafoods Corporation
5303 Shilshole Avenue
Seattle, Washington 98107.

Dated and entered this __8__ day of __Dec__, 2008

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 7
No. 3:07-CV-05409-FDB

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

PUGET SOUNDKEEPER ALLIANCE

Signature: _[signature]_

Title: Executive Director

Dated: 10/10/08

TRIDENT SEAFOODS CORPORATION

Signature: _[signature]_

Title: VP Regulatory Affairs

Dated: October 3, 2008

CONSENT DECREE - 8
No. 3:07-CV-05409-FDB

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883



AWB Institute
P.O. Box 7933 • 1414 Cherry Street Southeast
Olympia, WA 98507-7933
Olympia (360) 943-1600 ▪ Statewide (800) 521-9325
FAX (360) 943-5811

Mike Hudson
Executive Director

October 6, 2008

U.S. Department of Justice
PO Box 4390
Ben Franklin Station
Washington, DC 20044-4390

Dear sir/madam:

This letter is meant to outline a proposed project by the AWB Institute ("Institute"), a not for profit affiliate of the Association of Washington Business ("AWB"), to improve water quality and other environmental outcomes, work with Washington businesses for an environmentally responsible community, increase permittee understanding of important NPDES Industrial Stormwater General Permit ("permit") requirements and Department of Ecology goals and reduce permittee violations of the permit.

The Institute proposes to prepare a multimedia training module designed to provide education and technical assistance to permittees to encourage compliance with the permit requirements. The Institute's proposed program will identify (a) trends and "trouble spots" for non-compliance with the basic premises of the permit, (b) best management practices, (c) compliance pathways to resolve compliance issues, and (d) useful products and other resources to assist in achieving compliance with permit requirements. The program will provide educational and technical assistance to encourage compliance with their permit requirements and encourage an environmentally responsible community.

The Institute has reviewed the draft consent decree in the matter of Puget Soundkeeper Alliance v. Trident Seafoods, Inc., and will review the final consent decree once entered by the court. The Institute has agreed to accept $30,000 from Trident Seafoods, Inc., as part of the settlement in that matter, and will use such funds for its multimedia training module. The Institute will not use any money it receives under the consent decree for political lobbying activities. The Institute will submit a letter to the court, Department of Justice, and the parties, describing how the funds have been used.

The AWB Institute is a 501(c)(3) entity identified by the following tax id number 91-2140837. Thank you for this opportunity.

Very truly yours,

Mike Hudson
Executive Director

1

**PROJECT TITLE:** Compliance Keys and BMPs: Meeting the Requirements of the Industrial Stormwater General Permit and Ensuring Best Management Practices

**APPLICANT ORGANIZATION:** The AWB Institute ("Institute"), a not for profit educational services affiliate of the Association of Washington Business ("AWB"). Tax ID No. 91-2140837.

## IDENTITY AND INTEREST OF APPLICANT:

The Institute is a 501(c)(3) non-profit affiliate of AWB, providing, among other things, educational services to AWB members and the general statewide business community. AWB, in turn, is the state's largest general business membership organization, representing over 6,500 small and large businesses in every industry sector and every geographical region of the state of Washington. AWB members, which include over 100 professional associations and local chambers of commerce, employ over 650,000 Washington employees. AWB maintains an active presence on statewide stormwater management issues. The association's activities in the legislative, regulatory, and legal arena, as well as the provision of technical assistance to permit holders, is informed by the input of a Water Quality Committee and an Environmental Affairs Council comprised of subject matter experts in stormwater management and compliance issues.

**Contact:** Mike Hudson
Executive Director
AWB Institute
1414 Cherry Street Southeast
Olympia, WA 98501
(360) 943-1600
MikeH@AWB.org
www.awb.org

## GOALS:

**Long Term Goal:** Improve water quality and other environmental outcomes and work with Washington businesses for an environmentally responsible community.

**Short Term Goal:** Increase permittee understanding of important NPDES Industrial Stormwater General Permit ("permit") requirements and Department of Ecology goals and reduce permittee violations of the permit.

## PROJECT OVERVIEW:

The Institute proposes to prepare a multimedia training module designed to provide education and technical assistance to permittees to encourage compliance with the permit requirements and to identify and mitigate "trouble spots" in permit compliance.

The proposed program will identify trends and "trouble spots" for non-compliance with the basic premises of the permit and identify best management practices, compliance pathways to resolve compliance issues and identify useful products and other resources to assist in achieving compliance with permit requirements. The program will provide educational and technical

1

assistance to encourage compliance with their permit requirements and encourage an environmentally responsible community.

The Institute will draw upon the substantial expertise of AWB, the state's largest general business membership organization, representing over 6,500 small and large businesses in every industry sector and every geographical region of the state of Washington and is in an excellent position to help these businesses achieve stormwater compliance.

The Institute's primary objectives are as follows:

- Conduct an expert analysis of third-party sources such as Department of Ecology reports, environment study reports, members testing and best management practices, etc. to identify trends and "trouble spots" for potential non-compliance;
- Identify Best Management Practices and additional compliance pathways to resolve compliance issues;
- Identify useful products and resources to assist in complying with permit requirements;
- Prepare a document (e.g., booklet, article, slide-show, or handout) setting forth this information in an organized, plain language manner.
- Distribute the document at no charge to ISWGP holders
- Prepare a seminar to present key information from the document in an in-person or web-based environment (or, potentially, both).

**TIMETABLE:** Nine month project.

Quarter 1: Conduct analysis of violations, alleged violations, and compliance issues. Begin preparation of draft technical assistance document

Quarter 2: Identify best management practices and additional compliance pathways to resolved compliance identified issues
Identify useful products or other resources to assist achieving compliance with permit requirements;
Complete elements of technical assistance document and distribute to permit holders
Begin planning preparation of seminar/webinar format for further transmission of technical assistance content

Quarter 3: Execute seminar/webinar format

**FUNDING ALLOCATION AND BUDGET:**

Requested amount:   $30,000

| | |
|---|---|
| Labor | $25,000 |
| Materials | $3,000 |
| Postage | $500 |
| Travel | $1,500 |
| | |
| Total: | $30,000 |

2